UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LESTER WADE BRANDON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 24-3059 (UNA) |
| STATE OF COLORADO, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on initial review of plaintiff's application to proceed *in forma pauperis* (ECF No. 3), *pro se* complaint (ECF No. 1), and motion for appointment of counsel (ECF No. 2).

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In addition, Rule 8(d) directs that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading

1

rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (quoting *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996)).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

As drafted, Mr. Brandon's complaint falls short of the minimal pleading standard set forth in Rule 8(a).  His claims appear to pertain to Colorado agencies and their responsibility for changing his legal name without his consent, *see* ECF No. 1, at 8, 10 (page numbers designated by CM/ECF), and complications the name change has caused with respect to his inheritance, *see, e.g.*, *id*. at 4-5, 10.  The complaint's allegations are far from clear and fail to provide Defendants with fair notice of the claim(s) asserted.  Equally murky are Mr. Brandon's stated bases for this court's jurisdiction, *see id.* at 3, and demands for relief, *see id*. at 4-5, 10.

Accordingly, the court will grant Mr. Brandon leave to proceed *in forma pauperis*, ECF No. 3, dismiss the complaint and this civil action without prejudice, and deny as moot his motion for appointment of counsel, ECF No. 2.  An Order is issued separately.

_____
LOREN L. ALIKHAN
United States District Judge

Date:  December 13, 2024